IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No. |
| v. | ) ) | _____ |
| SOUTHBRIDGE HOMEOWNERS ASSOCIATION, INC.; STEPHANIE REESE; KENT KING d/b/a KING'S PRIDE TREE SERVICE; And GYANSAV, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, AUTO-OWNERS INSURANCE COMPANY ("Auto-Owners"), Plaintiff in the above-styled action, and files this Complaint for Declaratory Judgment, showing this honorable Court as follows:

## PARTIES AND JURISDICTION

### 1.

This action for declaratory judgment is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C § 2201, to declare the rights and other legal relations surrounding the questions of actual controversy which

1

presently exist among Auto-Owners and Southbridge Homeowners Association, Inc. ("Association"); Stephanie Reese ("Reese"); Kent King, d/b/a King's Pride Tree Service ("King"); and Gyansav, LLC ("Gyansav").

2.

Upon information and belief, Defendant Association is a Georgia corporation existing under the laws of Georgia, and can be served through its registered agent, Mark Bandy at 340 Eisenhower Drive, Suite 800, Savannah, Chatham County, Georgia 31406.

3.

Upon information and belief, Defendant Reese is an individual and citizen of Chatham County, Georgia, who may be served at 205 Mallard Loop Road, Savannah, Chatham County, Georgia 31405.

4.

Upon information and belief, Defendant King is an individual and citizen of Chatham County, Georgia, who may be served at 122 Steeplechase Road, Savannah, Chatham County, Georgia 31405.

5.

Upon information and belief, Defendant Gyansav is a Georgia corporation existing under the laws of Georgia, and can be served through its registered agent,

Gamshyam Patel at 104 Grandview Drive, Pooler, Chatham County, Georgia 31322.

6.

Defendant Association seeks coverage from Auto-Owners under a policy of liability insurance for the allegations in a lawsuit filed against it by Defendant Gyansav, which is further detailed below.

7.

Defendant Gyansav is the plaintiff in the underlying lawsuit detailed below, and therefore, is a necessary party to this action.

8.

Defendants Reese and King are defendants in the underlying lawsuit, and, therefore, they are necessary parties to this action.

9.

Auto-Owners is a corporation organized and existing under the laws of the State of Michigan, and having its principal place of business in Michigan. Auto-Owners submits itself to the jurisdiction and venue of this Court.

10.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332, because it is a civil action in which the amount in controversy

exceeds the sum of value of $75,000, exclusive of interest and costs, and is among citizens of different states.

11.

Venue in this action is proper pursuant to 28. U.S.C. § 1391.

**FACTUAL BACKGROUND**

12.

Defendant Gyansav filed the lawsuit captioned <u>Gyansav, LLC v. Reese, et al.</u>, in the State Court of Chatham County, Georgia, Civil Action File No. STCV20-02062, (the "underlying lawsuit") on November 6, 2020, naming the Association as a defendant.  A copy of the underlying lawsuit is attached hereto as Exhibit "1".

13.

Defendants Reese and King have been included as named Defendants in this action for declaratory relief because they have a potential financial interest in the outcome of this action.

14.

The underlying Defendant Association has been served with the underlying lawsuit and filed its answer to the same.

4

15.

The underlying lawsuit seeks damages and injunctive relief for damages caused by the Defendant Association's alleged conversion, tortious interference with business relations, trespass, and punitive damages related to alleged removal of trees, ground vegetation, and brush from Defendant Gyansav's property. Exhibit 1, ¶¶ 8-16.

16.

The actions alleged in the underlying lawsuit, which caused the alleged damages, occurred on or about October 16, 2020.  Exhibit 1, ¶ 12.

17.

The claims in the underlying lawsuit relate to the alleged deforesting of Defendant Gyansav's property, with allegedly resulting financial damages including but not limited to alleged loss of business revenues, and the alleged loss of ability to use and enjoy Defendant Gyansav's property.

18.

On October 16, 2020, before the underlying lawsuit was filed, police officer Antonio Solomon of the Chatham County Police Department responded to Defendant Gyansav's complaint about the alleged actions of Defendants

Association, Reese, and King, and prepared a police report regarding the incident on October 16, 2020.

19.

Upon information and belief, Defendant Association received notice of Defendant Gyansav's complaint about the alleged cutting of trees and vegetation on its property on or about October 16, 2020.

20.

On or about November 11, 2020, Defendant Association gave notice of the claim to Philadelphia Indemnity Insurance Company ("PIIC") under PIIC's policy number PCAP 025410-0120.

21.

On December 2, 2020, PIIC sent a letter to Defendant Association denying its claim for a defense and indemnity for the underlying lawsuit.

22.

On December 7, 2020, Defendant Association filed its Answer to Gyansav's complaint in the underlying lawsuit.

23.

Defendant Association first notified Auto-Owners of the alleged occurrence, claim, and suit against it on February 15, 2021, almost three months after the

underlying lawsuit was filed, and two months after Defendant Association filed its Answer.

24.

On February 26, 2021, after receiving notice of the claim and suit for the first time on February 15, 2021, Auto-Owners sent a reservation of rights letter to Defendant Association, in which it agreed to provide Defendant Association with a defense to the underlying lawsuit, subject to its reservation of rights.

25.

As indicated in its February 26, 2021 letter, Auto-Owners is providing Defendant Association with a defense to the underlying lawsuit, subject to a complete reservation of rights.

26.

Plaintiff sent a supplemental reservation of rights letter to Defendant Association on July 13, 2021.

## AUTO-OWNERS' POLICY

27.

Policy number 074618-80203236-20 was issued to Southbridge Homeowners Association, Inc., with effective dates from March 1, 2020 through March 1, 2021. A true and correct copy is attached hereto as Exhibit "2".

28.

The policy provided general liability coverage with general aggregate limits of $3 million,[1] and an each occurrence limit of $1 million.

29.

Under the policy's commercial general liability coverage form, coverage was provided as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1)    The amount we will pay for damages is limited as described in Section III-Limits of Insurance; and

    (2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the

---

[1] The general aggregate limit was changed to $6 million under the Amendment of General Aggregate Limit endorsement, Form 55885 (5-17).

payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence[2]" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period; and

(3)     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

…

---

[2] The policy defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

    **d.**    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        (1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

        (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

        (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    …

Form CG 00 01 04 13, p. 1.

30.

The policy contained the following exclusions, which barred coverage for:

**a.**    **Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.**    **Contractual Liability**
Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

    **(1)**    That the insured would have in absence of the contract or agreement; or

10

**(2)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract": and

**(b)**    Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**j.**    **Damage To Property**

…

**(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;

…

**l.**    **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.**    **Damage To Impaired Property Or Property Not Physically Injured**

11

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has between put to its intended use.

…

**o.    Personal And Advertising Injury**
    "Bodily injury" arising out of "personal and advertising injury".

Id., pp. 2, 4, 5.

31.

Next, under Coverage B, the policy provided coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies".  Form CG00010413, p. 5.

32.

The policy's Commercial General Liability Plus Coverage Endorsement changed the definition of "personal and advertising injury" as follows:

**4.    PERSONAL INJURY EXTENSION**

**…**

12

**14.** "Personal and advertising injury" means injury including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction form, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.** Oral or written publication of material, in any manner, that violates a person's right pf privacy;

    **f.** The use of another's advertising idea in your "advertisement";

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement"; or

    **h.** Discrimination, humiliation, sexual harassment and any violation of civil rights caused by such discrimination, humiliation or sexual harassment.

Form 55352 (5-17), p. 1.

33.

Coverage B contained the following exclusions:

**2.** **Exclusions**

This insurance does not apply to:

    **a.** **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

…

13

    **d.**    **Criminal Acts**
        "Personal and advertising injury" arising out of a
criminal act committed by or at the direction of the
insured.

    **e.**    **Contractual Liability**
        "Personal and advertising injury" for which the insured
has assumed liability in a contract or agreement.  This
exclusion does not apply to liability for damages that the
insured would have in the absence of the contract or
agreement.

    **f.**    **Breach of Contract**
        "Personal and advertising injury" arising out of a breach
of contract, except an implied contract to use another's
advertising idea in your "advertisement".

Id., pp. 5, 6.

34.

The policy provided as follows regarding notice:

**2.  Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**    You must see to it that we are notified as soon as
practicable of an "occurrence" or an offense which may
result in a claim.  To the extent possible, notice should
include:

        **(1)**    How, when and where the "occurrence" or offense
took place;

        **(2)**    The names and addresses of any injured persons
and witnesses; and

        **(3)**    The nature and location of any injury or damage
arising out of the "occurrence" or offense.

    **b.**    If a claim is made or "suit" is brought against any
insured, you must:

        **(1)**    Immediately record the specifics of the claim or
"suit" and the date received; and

**(2)** Notify us as soon as practicable.
You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suite;

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without consent.

Id., p. 10.

35.

In addition, the policy contained a Commercial General Liability Plus endorsement, which provided for a Broadened Knowledge of Occurrence provision. More specifically, the policy provided as follows:

**5.    BROADENED KNOWLEDGE OF OCCURRENCE**

Under **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 2. Duties In The Event of**

15

**Occurrence, Offense, Claim Or Suit,** the following paragraph is added:

Paragraphs a. and b. of this condition will not serve to deny any claim for failure to provide us with notice as soon as practicable after an "occurrence" or an offense which may result in a claim:

a.      If the notice of a new claim is given to your "employee"; and

b.      That "employee" fails to provide us with notice as soon as practicable.

This exception shall not apply:

a.      To you; or

b.      To any officer, director, partner, risk manager or insurance manager of yours.

Form 55352 (5-17), pp. 1-2.

## FIRST CLAIM FOR RELIEF

36.

Auto-Owners reiterates paragraphs 1 through 35 as if fully set forth herein.

37.

To the extent that the insurance contract issued by Auto-Owners does not provide coverage for the underlying lawsuit against Defendant Association, Auto-Owners has no duty to defend or indemnify Defendant Association for the claims asserted against it in that lawsuit.

38.

Specifically, under Coverage A the policy only provides coverage for damages because of "bodily injury" or "property damage" caused by an "occurrence".

39.

To the extent the damages at issue in the underlying lawsuit were not because of "property damage", no coverage may exist.

40.

No coverage is owed for any liability against the Defendant Association for damages that were not because of "property damage", including, but not limited to, any punitive damages that may be sought against said Defendant.

41.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Auto-Owners may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

42.

Accordingly, Auto-Owners seeks a declaration that no indemnification or duty to defend is owed by Auto-Owners to Defendant Association for any liability

for damages that are not because of "property damage", including, but not limited to, any punitive damages that may be sought against said Defendant in the underlying lawsuit.

## SECOND CLAIM FOR RELIEF

43.

Auto-Owners reiterates paragraphs 1 through 42 as if fully set forth herein.

44.

No coverage is owed to Defendant Association under the policy for the damages asserted in the underlying lawsuit to the extent that the damages at issue were not "caused by an 'occurrence'" as defined under the policy.

45.

Therefore, to the extent that the alleged damages were not caused by an "occurrence" under the policy, no coverage is afforded under said policy for liability or damages that may be sought against Defendant Association in the underlying lawsuit.

46.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Auto-Owners may have its

rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

47.

Accordingly, Auto-Owners seeks a declaration from this Court that no indemnification or duty to defend is owed to Defendant Association for any liability or damages that may be incurred by Defendant Association in the underlying lawsuit to the extent they were not caused by an "occurrence" under the policy in question.

**THIRD CLAIM FOR RELIEF**

48.

Auto-Owners reiterates paragraphs 1 through 47 as fully set forth herein.

49.

To the extent that the contract of insurance issued by Auto-Owners does not provide coverage for the underlying lawsuit against Defendant Association, Auto-Owners has no duty to defend or indemnify Defendant Association for the claims asserted against it in that lawsuit.

50.

Specifically, the policy contains an exclusion from coverage for liability for property damage expected or intended by the insured.

19

51.

To the extent the damages at issue in the underlying lawsuit arise out of "property damage" expected or intended by the insured, the exclusion referenced in paragraph 30 of this Complaint applies.

52.

No coverage is owed for any liability against the Defendant Association that comes within the expected or intended exclusion set forth in paragraph 30, including, but not limited to, any punitive damages that may be sought against it, which, if awarded, would necessarily be based on conduct that falls within this exclusion.

53.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Auto-Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

54.

Accordingly, Auto-Owners seeks a declaration that no indemnification or duty to defend is owed by Auto-Owners to the Defendant Association for any liability that may come within the expected or intended exclusions recited in

paragraph 30 of this Complaint, including, but not limited to, any punitive damages that may be sought against said Defendant in the underlying lawsuit.

## FOURTH CLAIM FOR RELIEF

### 55.

Auto-Owners reiterates paragraphs 1 through 54 as if fully set forth herein.

### 56.

To the extent that the insurance contracts issued by Auto-Owners do not provide coverage for the underlying lawsuit against Defendant Association, Auto-Owners has no duty to defend or indemnify Defendant Association for the claims asserted against it in that lawsuit.

### 57.

Specifically, under Coverage B the policy only provides coverage for damages because of "personal and advertising injury" caused by an "occurrence".

### 58.

To the extent the damages at issue in the underlying lawsuit were not because of "personal and advertising injury", no coverage may exist.

59.

No coverage is owed for any liability against the Defendant Association for damages that were not because of "personal and advertising injury", including, but not limited to, any punitive damages that may be sought against said Defendant.

60.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Auto-Owners may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

61.

Accordingly, Auto-Owners seeks a declaration that no indemnification or duty to defend is owed by Auto-Owners to Defendant Association for any liability for damages that are not because of "personal and advertising injury", including, but not limited to, any punitive damages that may be sought against said Defendant in the underlying lawsuit.

## **FIFTH CLAIM FOR RELIEF**

62.

Auto-Owners reiterates paragraphs 1 through 61 as if fully set forth herein.

63.

To the extent that the contract of insurance issued by Auto-Owners does not provide coverage for the underlying lawsuit against Defendant Association, Auto-Owners has no duty to defend or indemnify Defendant Association for the claims asserted against it in that lawsuit.

64.

More specifically, the policy issued to Defendant Association provided as follows:

**5.    BROADENED KNOWLEDGE OF OCCURRENCE**

Under **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 2. Duties In The Event of Occurrence, Offense, Claim Or Suit,** the following paragraph is added:

Paragraphs a. and b. of this condition will not serve to deny any claim for failure to provide us with notice as soon as practicable after an "occurrence" or an offense which may result in a claim:

a.    If the notice of a new claim is given to your "employee"; and

b.    That "employee" fails to provide us with notice as soon as practicable.

This exception shall not apply:

a.    To you; or

b.    To any officer, director, partner, risk manager or insurance manager of yours.

65.

On October 16, 2020, before the underlying lawsuit was filed, police officer

Antonio Solomon of the Chatham County Police Department responded to

Defendant Gyansav's complaint about the alleged actions of Defendants

Association, Reese, and King, and prepared a police report regarding the incident

on October 16, 2020.

66.

Upon information and belief, Defendant Association received notice of

Defendant Gyansav's complaint about the alleged cutting of trees and vegetation

on its property on or about October 16, 2020.

67.

To the extent an insured or an "employee" authorized by an insured to give

or receive notice of an occurrence or claim knew about the claim or "occurrence"

but failed to provide Plaintiff with timely notice of same, no coverage may exist

under the policy at issue, including, but not limited to, coverage for any punitive

damages that may be sought against Defendant Association.

68.

A controversy of a justiciable nature presently exists among the parties,

which demands a declaration by this Court, in order that Auto-Owners may have

its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

69.

Accordingly, Auto-Owners seek a declaration that no indemnification or duty to defend is owed by Auto-Owners to Defendant Association for any liability to the extent that any insured or any employee of the insured authorized to give or receive notice of an "occurrence" or claim had knowledge of the "occurrence" but failed to provide timely notice, including, but not limited to, any punitive damages that may be sought against said Defendant in the underlying lawsuit.

## SIXTH CLAIM FOR RELIEF

70.

Auto-Owners reiterates paragraphs 1 through 69 as if fully set forth herein.

71.

The policies at issue required an insured to give timely notice of a claim.

72.

The policy provided as follows:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

**1.      Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    **(1)**    How, when and where the "occurrence" or offense took place;

    **(2)**    The names and addresses of any injured persons and witnesses; and

    **(3)**    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**    If any claim is made or "suit" is brought against any insured, you must:

    Immediately record the specifics of any claim or "suit" and the date received; and

    Notify us as soon as practicable.

    You must see to it that we receive written notice of any claim or "suit" as soon as practicable.

**c**.    You and any other involved insured must:

    (1)    Immediately send us copies of any correspondence, demands, notices, summonses or papers in connection with any claim or "suit";

    (2)    Authorize us to obtain records and other information;

    (3)    Cooperate with us in the investigation or settlement of any claim or defense of any "suit"; and

    (4)    Assist us, upon our request in the enforcement of any right against any person or organization which

> may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

## 73.

The actions alleged in the underlying lawsuit, which caused the alleged damages, occurred on October 16, 2020.

## 74.

On October 16, 2020, before the underlying lawsuit was filed, police officer Antonio Solomon of the Chatham County Police Department responded to Defendant Gyansav's complaint about the alleged actions of Defendants Association, Reese, and King, and prepared a police report regarding the incident on October 16, 2020.

## 75.

Upon information and belief, Defendant Association received notice of Defendant Gyansav's complaint about the alleged cutting of trees and vegetation on its property on or about October 16, 2020.

76.

On or about November 11, 2020, Defendant Association gave notice of the claim to Philadelphia Indemnity Insurance Company ("PIIC") under PIIC's policy number PCAP 025410-0120.

77.

On December 2, 2020, PIIC sent a letter to Defendant Association denying its claim for a defense and indemnity for the underlying lawsuit.

78.

On December 7, 2020, Defendant Association filed its Answer to Gyansav's complaint in the underlying lawsuit.

79.

Defendant Association first notified Auto-Owners of the alleged occurrence and claim and suit against it on February 15, 2021, four months after the loss, almost three months after the underlying lawsuit was filed, and two months after Defendant Association filed its Answer.

80.

To the extent that Defendant Association failed to provide timely notice of the claim, "occurrence" and/or suit pursuant to the terms and conditions of the

policy, no coverage is afforded under the policy for liability or damages that may be sought against Defendant Association in the underlying lawsuit.

81.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that Auto-Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

82.

Accordingly, Auto-Owners seeks a declaration from this Court that no indemnification or duty to defend is owed to Defendant Association for any liability or damages that may be incurred by Defendant Association in the underlying lawsuit because it did not  provide timely notice under the terms and conditions of the policy of insurance issued to it.

<strong><u>SEVENTH CLAIM FOR RELIEF</u></strong>

83.

Auto-Owners reiterates paragraphs 1 through 82 as fully set forth herein.

84.

To the extent that the contract of insurance issued by Auto-Owners does not provide coverage for the underlying lawsuit against Defendant Association, Auto-

29

Owners has no duty to defend or indemnify Defendant Association for the claims asserted against it in that lawsuit.

85.

Specifically, the policy contains "business risk" exclusions from coverage for liability for "property damage" arising out of or related to the insured's work. See ¶ 30, exclusions j-m.

86.

To the extent the damages at issue in the underlying lawsuit are the result of "property damage" arising out of or related to the insured's work, the "business risk" exclusions referenced in paragraph 30 of this Complaint apply.

87.

No coverage is owed for any liability against the Defendant Association that comes within the "business risk" exclusions set forth in paragraph 30, including, but not limited to, any punitive damages that may be sought against it, which, if awarded, would necessarily be based on conduct that falls within this exclusion.

88.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Auto-Owners may have

its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

89.

Accordingly, Auto-Owners seeks a declaration that no indemnification or duty to defend is owed by Auto-Owners to the Defendant Association for any liability that may come within the "business risk" exclusions recited in paragraph 30 of this Complaint, including, but not limited to, any punitive damages that may be sought against said Defendant in the underlying lawsuit.

## EIGHTH CLAIM FOR RELIEF

90.

Auto-Owners reiterates paragraphs 1 through 89 as fully set forth herein.

91.

To the extent that the contract of insurance issued by Auto-Owners does not provide coverage for the underlying lawsuit against Defendant Association, Auto-Owners has no duty to defend or indemnify Defendant Association for the claims asserted against it in that lawsuit.

92.

Specifically, the policy contains an exclusion from coverage for liability for "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  See ¶ 30.

93.

To the extent the damages at issue in the underlying lawsuit arise out of "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract, the contractual liability exclusion referenced in paragraph 30 of this Complaint applies.

94.

No coverage is owed for any liability against the Defendant Association that comes within the contractual liability exclusion set forth in paragraph 30, including, but not limited to, any punitive damages that may be sought against it, which, if awarded, would necessarily be based on conduct that falls within this exclusion.

95.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Auto-Owners may have

its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

96.

Accordingly, Auto-Owners seeks a declaration that no indemnification or duty to defend is owed by Auto-Owners to the Defendant Association for any liability that may come within the contractual liability exclusion recited in paragraph 30 of this Complaint, including, but not limited to, any punitive damages that may be sought against said Defendant in the underlying lawsuit.

## NINTH CLAIM FOR RELIEF

97.

Auto-Owners reiterates paragraphs 1 through 96 as fully set forth herein.

98.

To the extent that the contract of insurance issued by Auto-Owners does not provide coverage for the underlying lawsuit against Defendant Association, Auto-Owners has no duty to defend or indemnify Defendant Association for the claims asserted against it in that lawsuit.

99.

Specifically, under Coverage B, the policy contains an exclusion from coverage for liability for "'personal and advertising injury' caused by or at the

direction of the insured with the knowledge that the act would violate the rights of another".  See ¶ 33.

### 100.

To the extent the damages at issue in the underlying lawsuit arise out of "personal and advertising injury" caused by or at the insured's direction with knowledge that it would violate another's rights, the knowing violation exclusion referenced in paragraph 33 of this Complaint applies.

### 101.

No coverage is owed for any liability against the Defendant Association that comes within the knowing violation exclusion set forth in paragraph 33, including, but not limited to, any punitive damages that may be sought against it, which, if awarded, would necessarily be based on conduct that falls within this exclusion.

### 102.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Auto-Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

### 103.

Accordingly, Auto-Owners seeks a declaration that no indemnification or

duty to defend is owed by Auto-Owners to the Defendant Association for any liability that may come within the knowing violation exclusion recited in paragraph 33 of this Complaint, including, but not limited to, any punitive damages that may be sought against said Defendant in the underlying lawsuit.

## TENTH CLAIM FOR RELIEF

104.

Auto-Owners reiterates paragraphs 1 through 103 as fully set forth herein.

105.

To the extent that the contract of insurance issued by Auto-Owners does not provide coverage for the underlying lawsuit against Defendant Association, Auto-Owners has no duty to defend or indemnify Defendant Association for the claims asserted against it in that lawsuit.

106.

Specifically, at Coverage B, the policy contains contractual liability and breach of contract exclusions from coverage.  See ¶ 33.

107.

To the extent that the damages at issue in the underlying lawsuit arise out of a breach of contract or liability assumed in a contract or agreement, the exclusions referenced in paragraph 33 of this Complaint apply.

108.

No coverage is owed for any liability against the Defendant Association that comes within the contractual liability and breach of contract exclusions set forth in paragraph 33, including, but not limited to, any punitive damages that may be sought against it, which, if awarded, would necessarily be based on conduct that falls within this exclusion.

109.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Auto-Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

110.

Accordingly, Auto-Owners seeks a declaration that no indemnification or duty to defend is owed by Auto-Owners to the Defendant Association for any liability that may come within the contractual liability or breach of contract exclusions recited in paragraph 33 of this Complaint, including, but not limited to, any punitive damages that may be sought against said Defendant in the underlying lawsuit.

111.

**WHEREFORE,** Auto-Owners prays:

a.     That this Court enter a Declaratory Judgment declaring that Auto-Owners has no duty to defend or indemnify Defendant Association under the aforementioned contract of insurance for any claims made against it in the underlying lawsuit;

b.     That Auto-Owners be awarded its costs in this action;

c.     That this Court award such other and further relief as this honorable Court may deem proper under the circumstances; and

d.     That process and summons be issued to all Defendants herein and that service on the Defendants be had as required by law.

Respectfully submitted this 30th day of November, 2021.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Mark T. Dietrichs*
Mark T. Dietrichs
Georgia Bar No. 221722

*/s/ Melissa K. Kahren*
Melissa K. Kahren
Georgia Bar No. 527406
Attorneys for Plaintiff

1355 Peachtree Street, N.E.
Suite 300
Atlanta, GA 30309
404-874-8800
Mark.Dietrichs@swiftcurrie.com
Melissa.Kahren@swiftcurrie.com

4880-1964-2114, v. 1